**UNITED STATES of America,**

**v.**

**Sharon Diane MORILL, a/k/a "Didi Stewart," Defendant.**

**No. 80 Cr. 282.**

United States District Court,
S. D. New York.

June 6, 1980.

John Martin, U. S. Atty., S. D. N. Y., New York City, for United States; Mark Pomerantz, Asst. U. S. Atty., New York City, of counsel.

Joseph I. Stone, New York City, for defendant.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Defendant Morill moves to suppress evidence obtained in a search of an apartment at 67 East 2nd Street, New York City on the ground that the affidavit of an Assistant United States Attorney upon which the warrant authorizing the search was based was legally insufficient to sustain its issuance. The affidavit in question relies in large measure upon hearsay statements. The information related by the affiant was variously obtained from an agent of the federal Drug Enforcement Administration engaged in the investigation of a fraudulent prescription operation; the New York State Bureau of Prescription Analysis; the New York Telephone Company; and a New York City Police Department detective. A single paragraph of the affidavit related information obtained from unnamed "informants."

It is beyond dispute that probable cause may be established by hearsay evidence. Fed.R.Crim.Pro. 41(c)(1); *Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978); *Jones v. United-*

*ed States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). However, the issuing magistrate must always have a "substantial basis" for crediting the hearsay. *United States v. Harris*, 403 U.S. 573, 581, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723 (1971); *Jones v. United States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960); *United States v. Burke*, 517 F.2d 377, 381 (2d Cir. 1975).

The defendant contends that for a "substantial basis" to be found in this case, each portion of the affidavit must meet the well-known, two-part test developed in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Those cases, however, involved warrants based upon information supplied by unnamed, professional informers and the standard they employed has been limited in application to such situations. *See, e. g., United States v. Dunloy*, 584 F.2d 6, 10 (2d Cir. 1978); *United States v. Melvin*, 596 F.2d 492, 496–97 (1st Cir.), *cert. denied*, 444 U.S. 837, 100 S.Ct. 73, 62 L.Ed.2d 48 (1979); *United States v. Rollins*, 522 F.2d 160, 164 (2d Cir. 1975), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1122, 47 L.Ed.2d 324 (1976); *United States v. Burke*, 517 F.2d 377, 380–81 (2d Cir. 1975).

In this case, the greatest part of the hearsay information in the affidavit was either supplied by government investigatory agents who are entitled to a presumption of credibility, *see United States v. Ventresca*, 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684 (1965); *United States v. Beusch*, 596 F.2d 871, 874 (9th Cir. 1979), or was non-accusatory, neutral data supplied by the New York Telephone Company, the accuracy of which there is no apparent reason to question. Clearly, there was a substantial basis for the Magistrate's crediting these portions of the affidavit.

One paragraph of the affidavit, on the other hand, relates information supplied by unnamed informants and is to be tested under the *Aguilar* standard. This requires a showing of some underlying circumstanc-

es (1) upon which the informant concluded that his information was accurate, and (2) that would allow the affiant to assess the informant's reliability. The paragraph in question states that the informants have previously supplied reliable information. This recital is sufficient to meet the credibility step of the *Aguilar* test. *See United States v. Rollins*, 522 F.2d 160, 164 (2d Cir. 1975), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1122, 47 L.Ed.2d 324 (1976). The paragraph does not, however, set forth any underlying circumstances indicating that the information supplied by the informants was accurate. Nonetheless, the remaining information in the affidavit substantially corroborates that supplied by the informants and thus it was properly considered in determining the existence of probable cause. *See United States v. Harris*, 403 U.S. 573, 581, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723 (1971); *United States v. Dunloy*, 584 F.2d 6, 10 (2d Cir. 1978); *United States v. Rollins*, 522 F.2d 160, 165 (2d Cir. 1975), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1122, 47 L.Ed.2d 324 (1976). Even in the absence of the informants' information, however, the remaining portions of the affidavit would have been sufficient to sustain the Magistrate's finding of probable cause. *Cf. Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (informant's tip was "fundamental" to establishing probable cause).

In sum, considering the affidavit as a whole and in a common sense fashion, *see United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965); *United States v. Dunloy*, 584 F.2d 6, 10 (2d Cir. 1978), it is apparent that there was more than a substantial basis for the Magistrate to credit the information it contained and to find that probable cause to issue the warrant existed. Accordingly, the defendant's motion is denied.

So ordered.